**Kenneth BUSH and Mark Smith,
Plaintiffs–Appellants,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] United States Marshals Service, United States Department of Justice, United States of America, Defendants–Appellees.**

Nos. 06–0668–cv, 06–1055–cv.

United States Court of Appeals,
Second Circuit.

Feb. 29, 2008.

Richard T. Cassidy, Hoff Curtis, Burlington, VT (Robert C. Huntley, Christopher F. Huntley, Huntley Park LLP, Boise, ID; Kevin E. Brown, William B. Miller, Jr., Langrock, Sperry & Wool, Middlebury, VT, on the brief), for Appellants.

Carol L. Shea, Chief, Civil Division, U.S. Attorney's Office for the District of Vermont, Burlington VT (Peter D. Keisler, Assistant Attorney General, Thomas D. Anderson, United States Attorney, Burlington VT, on the brief; Marleigh D. Dover, Eric Fleisig–Greene, Attorneys, Appellate Staff, Civil Division, U.S. Department of Justice, of counsel), for Appellees.

PRESENT: JOSÉ A. CABRANES, ROSEMARY S. POOLER and ROBERT D. SACK, Circuit Judges.

**SUMMARY ORDER**

In the two suits giving rise to this appeal, plaintiffs-appellants Kenneth Bush and Mark Smith allege that defendants-appellees terminated their employment in violation of the Rehabilitation Act, 29 U.S.C. § 701 *et seq.* The District Court granted summary judgment in favor of defendants on (1) December 12, 2005, 2005 WL 3371042, in the suit brought by Bush and (2) February 7, 2006, 2006 WL 297725, in the suit brought by Smith. Plaintiffs now appeal. We assume the parties' familiarity with the facts and the procedural history of this case.

We review a district court's grant of summary judgment *de novo*, construing the evidence in the record in the light most favorable to the appellant and drawing all inferences in the appellant's favor. *See, e.g., Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir.2005).

To establish a *prima facie* case under the Rehabilitation Act, a plaintiff must show, *inter alia*, that he is "disabled" under the meaning of the Act; that is, that he " '(i) has a physical or mental impairment which substantially limits one or more of [his] major life activities, (ii) has a record of such an impairment, or (iii) is regarded as having such an impairment.' " *Heilweil v. Mount Sinai Hosp.*, 32 F.3d 718, 722 (2d Cir.1994) (quoting 29 U.S.C. § 706(8)(B)). "[A] person is 'regarded as' disabled ... if a covered entity mistakenly believes that the person's actual, nonlimiting impairment substantially limits one or more major life activities." *Murphy v.*

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

*United Parcel Service, Inc.*, 527 U.S. 516, 521–22, 119 S.Ct. 2133, 144 L.Ed.2d 484 (1999). If the major life activity in question is working, a plaintiff must show that the covered entity regarded him as "unable to perform a class of jobs." *Id.* at 525, 119 S.Ct. 2133. Showing that the covered entity regarded a plaintiff as "unable to perform only a particular job" is insufficient. *Id.*

Plaintiffs have submitted evidence tending to establish that defendants regarded plaintiffs as unsuitable for the particular position of Court Security Officer. They have also submitted evidence tending to establish that the medical examiners who evaluated their physical condition regarded plaintiffs as unsuitable for positions in the area of law enforcement. Plaintiffs have not, however, submitted any evidence tending to establish that *defendants* regarded them as unsuitable for positions in the area of law enforcement. *Cf. Capobianco v. City of New York*, 422 F.3d 47, 57 (2d Cir.2005) (noting that "[a] 'regarded as' claim turns on the employer's perception of the employee") (internal quotation marks omitted). Accordingly, for substantially the same reasons articulated by the District Court, we conclude that plaintiffs have failed to establish a *prima facie* case of discrimination under the Rehabilitation Act.

We therefore **AFFIRM** the District Court's orders of December 12, 2005 and February 7, 2006, granting summary judgment in favor of defendants.